■ STATE DIVISION OF HUMAN RIGHTS on the Complaint of JULIA M. BROOME, Respondent, v. EASTERN COMPANY, FRAZIER and JONES DIVISION, Petitioner.— Determination unanimously annulled, without costs, and complaint dismissed. Memorandum: Petitioner, Eastern Company, Frazier and Jones Division, seeks to annul an order of the Appeal Board of the State Division of Human Rights confirming an order of the State Division which held that petitioner had discriminated against complainant by refusing her re-employment because of her sex. The complaint charged petitioner with unlawful discriminatory practices relating to employment because of race, color and sex. Probable cause having been found, the case was referred for a hearing after which the commissioner's order was issued which determined that petitioner violated the Human Rights Law as charged, except that it did not discriminate in refusing the complainant re-employment because of her race and color. The parties agree that the only issue is whether petitioner was guilty of discrimination by reason of sex. The complainant was originally hired on October 8, 1969 to work in the so-called "labor pool". She was laid off on March 8, 1970 but was reinstated as a "hard iron sorter" on August 24, 1970. She was transferred on October 19, 1970 to the core room as a "core laborer-light". There are two types of core laborers and one group moves materials between the foundry and the room where the cores are made and the second, called "core

laborer-light", stays in the core making room. Core laborers of the first type perform more valuable work because they are sufficiently skilled to do all tasks necessary to the foundry and the core making rooms. Complainant continued to work as a core laborer-light until January, 1971 when she was laid off for lack of work. According to the complainant's testimony, she sought re-employment in April, 1972 when she talked with the chief steward of the union and then two or three months later she saw job openings posted on the bulletin board of the plant. She conversed with the personnel manager in May, 1972 about two jobs which might be open in the core room. Several days thereafter she was told that one of the jobs had been filled by one Rose Oko and when she called later with regard to the other job she was told that it also had been filled, whereupon she filed her complaint. It seems clear that in regard to the rehiring of Rose Oko there was no discrimination because the job for which Rose Oko was rehired was core maker for which complainant was not qualified. In May, 1972 two core laborer positions were filled by males who had experience at other plants in the same type of work. Apparently, complainant's theory is that she had previously been employed by Frazier and Jones as a core laborer and that she should have been re-employed rather than to hire males who had not previously worked for Frazier and Jones. Complainant had been laid off more than a year before May, 1972 and under the Frazier and Jones labor agreement, she had lost her seniority upon the expiration of one year. The record indicates that at the time complainant applied for a job, the core room labor force was low because the core room was recovering from a period of slack work and it was necessary to restaff it with core laborers. All elements of the job included making deliveries between the foundry and the core making room, and the complainant was not qualified to perform this work. The company did rehire the complainant on August 21, 1972, as soon as a job opened for which she was qualified, and she continues to be so employed to date. We concur with the statement of dissenting presiding member Pacetta of the Appeal Board that "the evidence in the record does not support the charge that complainant was discriminated against because of her race, color and sex". (Review of orders of State Division and Appeal Board finding discriminatory practices.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.